IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| R. WAYNE JOHNSON, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:09-CV-210 |
| § | |
| EMILY KENNEDY, et al., § | |
| Defendant. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION AND IMPOSING SANCTIONS

On March 14, 2017, United States Magistrate Judge Jason B. Libby issued his "Memorandum and Recommendation" on Plaintiff's motion pursuant to Rule 60(b). D.E. 19. The parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's Memorandum and Recommendation. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). No objections have been filed.

When no timely objection to a magistrate judge's memorandum and recommendation is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's memorandum and recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

The Court has reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's Memorandum and Recommendation (D.E. 19), and all other relevant documents in the record, and finding no clear error, the Court **ADOPTS** in part the findings and conclusions of the Magistrate Judge.

The Court also notes that Johnson was prohibited in the Northern District of Texas from filing any civil action without first filing a motion for leave demonstrating good cause. *Johnson v. Thaler*, No. 2:10-CV-041 (N.D. Tex. Feb. 12, 2012). In 2013, the court assessed sanctions. *See Johnson v. United States Marine Corps.*, No. 2:13-CV-66 (N.D. Tex. July 15, 2013). The Report and Recommendation by the federal Magistrate Judge identified numerous cases filed by Johnson in the federal courts of Texas and other states. *Johnson v. United States Marine Corps.*, No. 2:13-CV-66 at *3-7 (N.D. Tex. June 21, 2013). The Fifth Circuit has also issued sanctions against Johnson and barred him "from bringing any civil action or appeal *in forma pauperis* while he is incarcerated or detained in any facility unless he shows that he is under imminent danger of serious physical injury." *Johnson v. Whatley*, 73 Fed. App'x. 79 (5th Cir. June 24, 2003) (per curiam)(unpublished).

## SANCTIONS

**This Court ORDERS that Johnson my not file any civil action without preceding his filing by a motion for leave that sets out why it is not frivolous and is accompanied by proof that he has exhausted his administrative remedies, with the exception that the bar will not apply if Johnson can show he is under threat of imminent harm. In addition, the Court will not accept any filing from Johnson in any closed case unless it is preceded by a motion for leave that explains why his filing is not frivolous and sets out good cause for the filing. Any motion for leave that is not granted within 20 days will be considered DENIED and the Clerk is instructed to immediately close the case.**

The Court **DENIES** Plaintiff's motion (D.E. 18) for relief from judgment and imposes sanctions as set out.

It is so ORDERED this 9 day of June, 2017.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE